UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | |
|---|---|
| LUCIO ESCAMILLA, ELEAZAR GARCIA, DARIO HERRERA, and JAIME LEON § § § § § § § § § § § § § § § | CIVIL ACTION NO. Jury Demanded |

LUCIO ESCAMILLA, ELEAZAR GARCIA, DARIO HERRERA, and JAIME LEON

   Plaintiffs

VS.

CITY OF MCALLEN and ARMANDO GRAJALES

   Defendants

CIVIL ACTION NO.

Jury Demanded

## PLAINTIFFS' ORIGINAL COMPLAINT

MAY IT PLEASE THE COURT:

Plaintiffs Lucio Escamilla, Eleazar Garcia, Dario Herrera, and Jaime Leon bring this cause of action against Defendants City of McAllen and Armando Grajales. Plaintiffs respectfully show that City of McAllen and Armando Grajales failed to properly pay them wages owed for labor rendered, in violation of state and federal law.

### STATEMENT OF CLAIM

1.  Plaintiffs brings this action for money damages against Defendants for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and in the alternative, the Texas Minimum Wage Act ("TMWA"), Tex. Labor Code §62.001, and breach of contract.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

3. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state law claims because they are closely related to the FLSA claims within the Court's original jurisdiction. All state law claims relate to the failure to pay adequate wages and thus form part of the same case or controversy under Article 3 of the U.S. Constitution.

4. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b), as the events complained of occurred in relation to work performed at various parks and public spaces located in the City of McAllen, Hidalgo County.

## PARTIES

5. Plaintiff Lucio Escamilla is an individual residing in Hidalgo County, Texas.

6. Plaintiff Eleazar Garcia is an individual residing in Hidalgo County, Texas.

7. Plaintiff Dario Herrera is an individual residing in Hidalgo County, Texas.

8. Plaintiff Jaime Leon is an individual residing in Hidalgo County, Texas.

9. Defendant Armando Grajales is a resident of Texas. His usual place of abode is 101 New Orleans Street, Mission, Texas, 78572.

10. Defendant City of McAllen is a municipality that is incorporated according to the laws of the State of Texas. The Federal Rules of Civil Procedure allow a Plaintiff to serve a local government in compliance with applicable state law. Fed. R. Civ. P. (4)(h)(1)(A). Texas law allows a Plaintiff to serve an incorporated municipality by serving that city's mayor, clerk, secretary, or treasurer. CPRC § 17.024(a). Service of process may

be made on Annette Villareal, the current secretary for the City of McAllen, at 1300 Houston Ave, McAllen, Texas 78501

## FACTUAL ALLEGATIONS

11. On or about March 2010, Defendants hired Plaintiff Lucio Escamilla to work trimming and shaving palm trees owned by the City of McAllen.

12. On or about November 2009, Defendants hired Plaintiff Eleazar Garcia Lopez to work trimming and shaving palm trees owned by the City of McAllen.

13. On or about August 2009, Defendants hired Plaintiff Elazar Jaime Leon to work trimming and shaving palm trees owned by the City of McAllen.

14. On or about July 2009, Defendants hired Plaintiff Dario Herrera to work trimming and shaving palm trees owned by the City of McAllen.

15. Plaintiffs trimmed and shaved palm trees owned by the City of McAllen at various locations, including Archer Park and the convention center.

16. Employees of the City of McAllen supervised the work performed by Plaintiffs on various occasions.

17. Defendant Armando Grajales was paid in a check regularly by Defendant City of McAllen. After cashing that check, he would distribute some of the money in cash to the Plaintiffs.

18. Defendants promised Plaintiffs a salary commensurate to the federal minimum wage.

19. Defendants failed to pay Plaintiffs a salary commensurate to the federal minimum wage.

20. Plaintiffs regularly worked more than 40 hours a week for Defendants.

21. Defendants failed to pay Plaintiffs time and a half for each hour worked over forty in a given workweek.

22. Plaintiffs attach their verifications of the factual allegations contained in this complaint as <u>Exhibits A-D</u>.

## CAUSES OF ACTION

### I. <u>Violation of the Fair Labor Standards Act ("FLSA")</u>

23. Plaintiffs incorporate each of the foregoing paragraphs as if fully set forth herein.

24. At all times relevant to this action, Defendants were employers of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d) and 29 U.S.C. § 203(g).

25. At all times, Defendants City of McAllen and Armando Grajales were joint employers of Plaintiffs. 29 C.F.R. § 792.1.

26. Defendants failed to maintain complete and accurate records of the hours which Plaintiffs worked.

27. Defendants did not pay Plaintiffs for all of their work.

28. The above-described actions of Defendants violated Plaintiffs' rights under the Fair Labor Standards Act for which Plaintiffs are entitled to relief pursuant to 29 U.S.C. § 218(b).

29. Defendants' failure to pay Plaintiffs as specified above was willful.

## II. Violation of the Texas Minimum Wage Act ("TMWA")

30. Plaintiffs incorporate each of the foregoing paragraphs as if fully set forth herein.

31. At all times relevant to this action, Plaintiffs were employed by Defendant Armando Grajales within the meaning of the Texas Minimum Wage Act, Texas Labor Code § 62.0012(6).

32. During Plaintiffs' employment, Defendant Armando Grajales failed to pay Plaintiffs the state-mandated minimum wage for each hour that Plaintiffs worked.

33. Defendant Armando Grajales' failure to pay Plaintiffs as specified above was willful.

## III. Breach of Contract

34. Plaintiffs incorporate each of the foregoing paragraphs as if fully set forth herein.

35. In performing the work, Plaintiffs provided valuable services to Defendants.

36. Defendants accepted Plaintiffs' services under such circumstances that Defendants reasonably knew that Plaintiffs expected to be paid for their services.

37. Defendants had agreed to fully pay Plaintiffs the prevailing minimum wage for their work.

38. Defendants failed to fully pay Plaintiffs the prevailing minimum wage for their work.

39. Alternatively, if there was no contract covering Plaintiffs' work, Plaintiffs are entitled to damages pursuant to the common-law doctrines of *quantum meruit* and unjust enrichment.

## DAMAGES

40. Plaintiffs seek compensation for all underpaid wages during their period of employment and an equal amount in liquidated damages. 29 U.S.C. § 216(b); Texas Labor Code § 62.201.

41. Plaintiffs seek any unpaid or underpaid contract wages or damages in the amount for the reasonable value of Plaintiffs' work as per *quantum meruit*.

## ATTORNEY'S FEES

42. Plaintiffs seek attorney fees as a result of violations of the FLSA, 29 U.S.C. § 216(b), and the TMWA, Texas Labor Code § 62.205.

## JURY DEMAND

43. Plaintiffs request that this case be decided by a jury.

## PRAYER

44. For these reasons, Plaintiffs ask for judgment against Defendants for the following:

(a) their unpaid minimum wages and overtime, and an equal amount of liquidated damages;

(b) their contract wages or, alternatively, the value of their services;

(c) attorney's fees;

(d) pre- and post-judgment interest as provided by law, costs of court, and such other and further relief to which Plaintiffs may justly be entitled.

DATED: April 29, 2011

                                        Respectfully Submitted,

                                        **/s/ Elliott Tucker**

Elliott Thomas Tucker
Federal Bar No. 1074776
State Bar No. 24075183
Corinna Spencer-Scheurich
Federal Bar No. 619913
State Bar No. 24048814
**South Texas Civil Rights Project**
P.O. Box 188
San Juan, TX 78589
(956) 787-8171 phone
(956) 787-6348 fax
ATTORNEYS FOR PLAINTIFF

PLAINTIFF'S EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | |
|---|---|
| LUCIO ESCAMILLA, ELEAZAR GARCIA, DARIO HERRERA, and JAIME LEON § § § § | CIVIL ACTION NO. |
| Plaintiffs § § | |
| VS. § § | Jury Demanded |
| CITY OF MCALLEN and ARMANDO GRAJALES § § § § | |
| Defendants § § | |

STATE OF TEXAS §
HIDALGO COUNTY §

### Verifications

I hereby certify that the factual statements in the attached complaint are true.

*Eleasar Garcia*
Eleazar Garcia

Subscribed and sworn to before me, the undersigned authority, by Eleazar Garcia, on this 29th day of April, 2011.

*Moira Kenny*
Notary Public

MOIRA KENNY
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 10/5/2012

My Commission Expires: _____

### Certificate of Translation

I hereby certify that I am fluent in the English and Spanish languages, and that the foregoing Complaint of Eleazar Garcia has been translated into Spanish by me, and that I have read the foregoing Complaint in Spanish to him who stated to me that he understood its contents and signed it.

*Elliott Tucker*
Translator



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| LUCIO ESCAMILLA, ELEAZAR GARCIA, DARIO HERRERA, and JAIME LEON | § § § § | |
| Plaintiffs | § § | CIVIL ACTION NO. |
| VS. | § § | Jury Demanded |
| CITY OF MCALLEN and ARMANDO GRAJALES | § § § § | |
| Defendants | § § | |

STATE OF TEXAS    §
HIDALGO COUNTY §

### Verifications

I hereby certify that the factual statements in the attached complaint are true.

_____
Dario Herrera

Subscribed and sworn to before me, the undersigned authority, by Dario Herrera, on this 24th day of April, 2011.

_____
Notary Public

My Commission Expires: _____

MOIRA KENNY
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 10/5/2012

### Certificate of Translation

I hereby certify that I am fluent in the English and Spanish languages, and that the foregoing Complaint of Dario Herrera has been translated into Spanish by me, and that I have read the foregoing Complaint in Spanish to him who stated to me that he understood its contents and signed it.

_____
Translator

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION



| | |
|---|---|
| LUCIO ESCAMILLA, ELEAZAR GARCIA, DARIO HERRERA, and JAIME LEON § § § § | |
| Plaintiffs § | CIVIL ACTION NO. |
| VS. § § | |
| CITY OF MCALLEN and ARMANDO GRAJALES § § § § | Jury Demanded |
| Defendants § § § | |

STATE OF TEXAS §
HIDALGO COUNTY §

### Verifications

I hereby certify that the factual statements in the attached complaint are true.

_____
Lucio Escamilla

Subscribed and sworn to before me, the undersigned authority, by Lucio Escamilla, on this 29th day of April, 2011.

_____
Notary Public                                    My Commission Expires: _____

MOIRA KENNY
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 10/5/2012

### Certificate of Translation

I hereby certify that I am fluent in the English and Spanish languages, and that the foregoing Complaint of Lucio Escamilla has been translated into Spanish by me, and that I have read the foregoing Complaint in Spanish to him who stated to me that he understood its contents and signed it.

_____
Translator

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION



| | |
|---|---|
| LUCIO ESCAMILLA, ELEAZAR GARCIA, DARIO HERRERA, and JAIME LEON | § § § CIVIL ACTION NO. |
| Plaintiffs | § |
| VS. | § Jury Demanded |
| CITY OF MCALLEN and ARMANDO GRAJALES | § § |
| Defendants | § |

STATE OF TEXAS §
HIDALGO COUNTY §

### Verifications

I hereby certify that the factual statements in the attached complaint are true.

_____
Jaime Leon

Subscribed and sworn to before me, the undersigned authority, by Jaime Leon, on this 29th day of April, 2011.

_____
Notary Public

My Commission Expires: _____

MOIRA KENNY
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 10/5/2012

### Certificate of Translation

I hereby certify that I am fluent in the English and Spanish languages, and that the foregoing Complaint of Jaime Leon has been translated into Spanish by me, and that I have read the foregoing Complaint in Spanish to him who stated to me that he understood its contents and signed it.

_____
Translator